IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID LEONARD OROSCO, | § | |
| PLAINTIFF | § | |
| V. | § | No. SA-14-CV-00897-RP |
| OVATION LENDING, LLC, | § | |
| DEFENDANT | § | |

## ORDER

Before the Court are Ovation Lending, LLC's Opposed Motion to Certify Order for Interlocutory Appeal and Stay Action Pending Appeal, filed on February 19, 2015 (Clerk's Dkt. #16), and Plaintiff's Response to Defendant's Motion to Certify Order for Interlocutory Appeal and for Stay, filed on February 24, 2015 (Clerk's Dkt. #18). Having reviewed the parties' pleadings and the applicable case law, the Court finds that Defendant's motion should be granted.

This case is one of six (6) putative class action lawsuits filed in the Western District of Texas by Plaintiff's counsel against companies in the business of making property tax loans to homeowners. Plaintiffs allege these companies, regulated and licensed by the State of Texas as property tax lenders, violated the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA") when making these loans. Defendants contend the lawsuits should be dismissed because Texas property tax loans are not consumer credit transactions subject to the provisions of TILA and HOEPA.

In one related case, Judge Garcia agreed with the defendant's reasoning and granted dismissal for failure to state claim upon which relief can be granted.[1] In another related case, Judge Hudspeth rejected the defendant's argument and denied the motion to dismiss.[2] Both

---

[1] *See Billings v. Propel Financial Services, LLC*, No. SA-14-CV-764-OLG.

[2] *See Torres v. Propel Financial Services, LLC*, No. SA-14-CV-1040-HLH.

rulings are on appeal to the Fifth Circuit Court of Appeals.

In the present case, by Order dated February 9, 2015, this Court denied Defendant's Motion to Dismiss with respect to Plaintiff's TILA and HOEPA claims, finding the statutes do apply to property tax loans made under Texas law.  Defendant seeks to appeal this Order, and asks the Court to stay the proceedings until such time as the Fifth Circuit can resolve the issue.

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal when of the opinion such order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Such certification is at the court's discretion.  *United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011).

Whether Texas property tax loans are consumer credit transactions for purposes of TILA and HOEPA is a controlling question of law presenting substantial ground for differences in opinion. To date, three judges in the Western District of Texas have issued opinions on the matter, and each came to a different conclusion regarding the correct interpretation of the law.  As it stands now, there is a conflict between the courts as to whether plaintiffs in these lawsuits state a claim upon which relief can be granted under TILA and HOEPA.  Because this threshold question is potentially dispositive, an appeal of the issue would materially advance the ultimate termination of the litigation.  In light of these factors, this Court is of the opinion that the Order denying Defendant's Motion to Dismiss should be certified for interlocutory appeal to the Fifth Circuit.  In the interests of judicial economy and efficiency, this Court is also of the opinion that the action should be stayed pending resolution of the issue by the Fifth Circuit.

It is therefore ORDERED that the Court's Order dated February 9, 2015 denying Defendant's Motion to Dismiss (Clerk's Dkt. # 14) is hereby CERTIFIED for an immediate interlocutory appeal to the Fifth Circuit Court of Appeals.

It is further ORDERED that proceedings in this case are hereby STAYED pending further Orders of this Court.

**SIGNED** on March 3, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE